## CLAYTON et al. v. MINNESOTA, D. & P. RY. CO.

In an action against a railroad company, which had constructed its tracks adjacent to plaintiff's lot, closing the street and alley adjacent thereto, and cutting off access to the lot on one side, for injuries from such obsruction and from the operating of trains and the erection of an elevator adjoining plaintiff's lot, it was error to charge that any person or corporation is as a matter of law liable to another for damages to his property, and that, if defendant had damaged plaintiff's property to any extent by reason of the facts in the case, plaintiff could recover, and that the damage in the case, if any, was simmered down to the question whether defendant by its acts had decreased the market value of plaintiff's property, since under such instruction the jury could base its verdict upon the undesirability of plaintiff's lot for residence purposes or business, owing to noise, smoke, jarring, etc., regardless of whether defendant was in any wise negligent in running its trains.

(Opinion filed, October 4, 1910.)

Appeal from Circuit Court, McPherson County. Hon. LYMAN T. BOUCHER, Judge.

Action by A. G. Clayton and another against the Minnesota, Dakota & Pacific Railway Company. From a judgment for plaintiffs, and an order denying a new trial, defendant appeals. Reversed.

A. W. Campbell (W. H. Bremmer, of counsel), for appellant. James Brown, for respondents.

WHITING, P. J. This action was brought to recover damages which plaintiffs claimed to have suffered owing to the following facts: Defendant constructed a line of railway entering the city of Leola from the east and running in a westerly direction, crossing said city. Among the blocks crossed by the right of way of defendant company was block "1," and the plaintiffs were the owners of the southeast lot of said block; it being a lot 25 feet in width, and such lot extending east and west, the east end abutting Sherman street and the west end abutting an alley. Both the street and alley were closed by the defendant company without any authority on their part so to do, and by such closing egress from this lot to the north was entirely cut off. The business portion of the town lay immediately south of the blocks crossed by the line of defendant. Plaintiffs, in their

complaint, claimed damages, owing to the closing of the street and alley, owing to the erection of an elevator on a lot adjoining that of plaintiffs, and owing to the operating of trains on such line, causing discharge of soot and smoke from the engines, and the shaking and jarring of the earth, thus rendering it dangerous and unpleasant to reside on such lot. Upon the trial, over objection, testimony was received to show that plaintiffs had ceased to occupy the premises on account of the smoke and noise from the trains, and on account of so many teams being around there. Evidence was offered and received relating to what the value of the lot would have been if the line of road had come in through some other part of town and its value with the road where it was. There was no claim that the engines or trains were handled in an improper manner, thus causing more smoke, noise, or jarring of the ground than should arise from the proper operation of trains.

When plaintiffs rested their case, the defense asked for a directed verdict, and again when all the evidence was in. This was refused, and defendant assigns such refusal as error. We do not deem it necessary to pass upon these rulings, for reasons here-inafter set forth.

The appellant contends that the court erred in giving the following instructions to the jury: "Now, any person or corporation is as a matter of law liable to any person for damages they do his property, and if you find that these defendants have damaged this plaintiff's property to any extent by reason of the facts in this case, it would be your duty to ascertain the amount of that damage, and render a verdict for the plaintiff and against the defendants in such sum as you may find the damage to be." "I think the damage in this case, if any, is practically simmered down to the question of 'Did or did not the defendants by their acts decrease the market value of plaintiff's property?' If you find for the plaintiff at all, the question would be, 'Did the defendants by their acts decrease the market value of his property?' If you find that they increased the value of his property, then, of course, your judgment would have to be for the defendant in any event, whether or not the injury was claimed to be special or general."

The trial court was clearly in error in giving the instructions excepted to. It will be seen that, under such instructions, the jury could base its verdict upon the undesirability of this lot for residence purposes or business, owing to noise, smoke, jarring, etc., regardless of whether the defendant was in any wise negligent in running its trains, damages which, if recoverable by the plaintiffs, could be recovered in greater or lesser amounts by any property owner, within the sphere of such noise, smoke, or vibrations arising from running of trains. Many things would be left to the jury, save and except damages to the lot by virtue of the closing of the street and alley, and yet the respondent upon this appeal bases his whole contention that the lower court should be sustained upon the proposition that the plaintiffs suffered a damage peculiar to themselves, in that they had a special right or property in the street and alley adjoining their lot, which right or property peculiar to them as distinguished from persons owning property in other parts of town, entitled them to recover damages for injury to such right or property.

Respondents have cited numerous authorities in support of this contention, and appellant has cited authorities which it is claimed show that respondents have no right to recover for any damages whatever growing out of the closing of the street and alley. We are not called upon to determine this question, as we would have been if the instructions had limited the jury to the consideration of this one matter in fixing the amount of damages. There being many other facts which may have influenced the jury in reaching its verdict, which facts, under such instructions, the jury were at liberty to consider, the verdict and judgment rendered thereon cannot stand.

The judgment and order denying a new trial are reversed.